**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4135**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

AMADOU BALDE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   W. Earl Britt, Senior
District Judge.  (5:13-cr-00075-BR-2)

———————

Submitted:  April 30, 2015              Decided:  June 18, 2015

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE,
Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amadou Balde appeals from his convictions and 70-month sentence imposed pursuant to a jury verdict finding him guilty of conspiracy to use counterfeit access devices, as well as substantive counts of use of a counterfeit access device, possession of counterfeit access devices, and possession of access device making equipment. On appeal, Balde's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but raising six issues for this court's consideration. Balde has filed a pro se supplemental brief, addressing some of the same issues and raising two additional claims. After a thorough review of the record, we affirm.

I.

Balde contends that the district court's admission of prior bad acts dating as far back as 2004 was so prejudicial as to deprive him of a fair trial. Balde's co-conspirator, Shiek Fofanah, testified against him at trial. During cross-examination, counsel asked Fofanah about his knowledge and expertise with similar crimes prior to meeting Balde. On redirect, the Government asked, without objection, about Balde's prior knowledge. Balde contends that the admission of this evidence of his conduct as far back as 2004 amounted to evidence

2

of "bad character" and was so prejudicial as to deprive him of a fair trial. We normally review the district court's evidentiary rulings for abuse of discretion. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). However, by failing to object to the admission of the evidence during trial, Balde has failed to preserve his objection. Fed. R. Evid. 103(a)(1); United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). The admission of the evidence is therefore reviewed for plain error. Chin, 83 F.3d at 87.

The challenged testimony is vague and, at most, infers that Balde purchased cigarettes with re-encoded cards a couple of months prior to the instant crimes and that he committed similar crimes as far back as 2004. This evidence is part of the foundation for the current conspiracy charges, as it explains why Fofanah and Balde would partner with each other. See United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008) (permitting prior bad act evidence that provided context). Similarly, the challenged evidence that Balde was engaged in the same activities as far back as 2004 and utilized the same manner and method to re-encode cards was admissible to "complete the story of the crime on trial," see id., especially given that Balde's strategy was to portray himself as an innocent bystander. Thus, Rule 404(b) did not mandate exclusion of the challenged testimony.

Balde also contends that, even if the evidence was admissible under Rule 404(b), it should have been excluded under Rule 403, because the probative value of the evidence did not outweigh its prejudicial effect. He asserts that the admission of evidence of his misconduct years before the charged conspiracy tainted his right to a fair trial. Evidence should be excluded under Rule 403 only in rare cases because the policy of the Federal Rules is that all relevant evidence should be admitted. See United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007). The fact that the challenged evidence will damage the defendant's case is insufficient to render it inadmissible; rather, to be excluded under Rule 403, the evidence must cause "'unfair' prejudice," and the "unfair prejudice must 'substantially' outweigh the probative value of the evidence." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) (quoting Fed. R. Evid. 403). Here, the challenged evidence was relevant to the history of the formation of the conspiracy, as well as Balde's motive, intent and knowledge. We conclude that the evidence, while harmful to Balde's defense, was not unfairly prejudicial. Accordingly, the district court did not err, plainly or otherwise, in admitting it.

II.

4

Balde also asserts that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal because the Government's evidence was insufficient to establish that he was involved with or knew about the counterfeit access devices. We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks, brackets and citations omitted). We may not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Here, neither Balde nor counsel focus on specific elements of the convictions. Instead, they argue that the Government's case rested on Fofanah's testimony and that this testimony was neither credible nor consistent. Nonetheless, the jury's decision to credit Fofanah's testimony that he and Balde were involved in a scheme to use re-encoded cards to defraud various banks and retailers was a credibility determination that should not be disturbed on appeal. See United States v. Moye, 454 F.3d

5

390, 396 (4th Cir. 2006) ("[I]t was for the jury, not this court, to decide which version of the events-the government's or Moye's-was more credible."); see also United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (recognizing that witness credibility is within the sole province of the jury and the court will not reassess the credibility of testimony).

Moreover, Fofanah's testimony was corroborated by the evidence that Balde avoided the police in order to dispose of counterfeit gift cards, and that Balde was in possession of items purchased with fraudulent gift cards. Because the evidence presented was sufficient for a reasonable jury to conclude that Balde was guilty of both the conspiracy and substantive charges, we will not disturb the jury's verdict.

III.

Balde next challenges the district court's denial of his motion to substitute counsel and his motion for a new trial based upon ineffective assistance of counsel. We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). We consider three factors: the "[t]imeliness of the motion; [the] adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication

6

preventing an adequate defense." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

The district court conducted a thorough inquiry into the conflict between Balde and his counsel. Balde appeared unaware that his counsel had filed many of the motions that he was requesting and was making progress on his other requests. In fact, aside from his complaints that proved unfounded, Balde stated that he was satisfied with counsel's performance. While Balde was dissatisfied with counsel's communication with him, we conclude that the disagreement was not sufficient to demonstrate that Balde would not be provided an adequate defense. Therefore, the district court did not abuse its discretion in denying Balde's motion to substitute counsel.

Regarding Balde's request for a new trial based on his allegations that counsel had prevented him from testifying on his own behalf, Balde withdrew this motion. The court had appointed him independent counsel who discussed Balde's potential testimony with him and advised him regarding his trial counsel's strategy. Thus, the record supports the conclusion that Balde's withdrawal of his motion was knowingly made after consulting with independent legal counsel. Accordingly, contrary to Balde's assertions, the district court did not deny this motion. Further, the district court did not abuse its

discretion in conducting the hearing and accepting the withdrawal of the motion.

## IV.

Balde further contends that the district court erroneously calculated the loss amount for sentencing purposes because he was held responsible for cards and account numbers that were not connected to him and could not have been utilized and because the district court erroneously relied upon the credit limit of the cards and the potential loss, rather than the actual loss. In assessing a challenge to the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). The amount of loss can be supported by a preponderance of the evidence. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Further, "[t]he court need only make a reasonable estimate of the loss," and its loss determination "is entitled to appropriate deference," given its unparalleled access to the pertinent facts. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2013).

Here, Balde contends that he should not have been held responsible for the cards possessed by Fofanah. Further, he claims that he was not responsible for the account numbers on

the computer seized from his hotel room, because such numbers may have been sold to multiple people. Pursuant to USSG § 1B1.3(a)(1)(B), in the case of jointly undertaken criminal activity, a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Accordingly, as a participant in the jointly undertaken criminal scheme, Balde is liable for the loss or potential loss due to Fofanah's cards, as well as the potential loss based on the numbers found on the computer.

Balde also contends that the district court improperly imputed to him the full credit limit of each card, rather than conducting an individualized investigation into the intended loss. The district court, however, did not calculate the credit limit of each card; instead, the court added together the realized losses and $500 for each account number or card. In counterfeit access device cases, "loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device." USSG § 2B1.1 cmt. n.3(F)(i). Thus, the court properly included at least $500 for every number recovered and related to

9

the conspiracy. Based on the foregoing, we find that the district court's loss calculations were without error.

V.

Next, Balde maintains that the court erred when it applied an enhancement under USSG § 2B1.1(b)(10)(C), which provides for a two-level increase if (1) the defendant relocated a fraudulent scheme to another jurisdiction to evade law enforcement, (2) if a substantial part of the scheme was committed from outside the United States, or (3) if the offense involved sophisticated means. The district court found that all three prongs were satisfied by Balde's scheme. On appeal, Balde argues that the evidence supporting the first two prongs was not presented at trial or sentencing, and it was improper to rely only on the presentence report ("PSR"). As for the third prong, Balde conclusorily states that the scheme was not sophisticated.

"Whether a defendant's conduct involved sophisticated means is an essentially factual inquiry, thus we review for clear error." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014). The sophisticated means enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B). While the scheme must involve "more than the concealment or complexities inherent in

10

fraud," Adepoju, 756 F.3d at 257, courts can find that a defendant used sophisticated means even where he did "not utilize the most complex means possible." United States v. Jinwright, 683 F.3d 471, 486 (4th Cir. 2012). Moreover, there is no requirement that a defendant's individual actions be sophisticated; what matters is the sophistication of the scheme as a whole. Adepoju, 756 F.3d at 257; see Jinwright, 683 F.3d at 486 ("A sentencing court should consider the cumulative impact of the criminal conduct, for the total scheme may be sophisticated in the way all the steps were linked together." (internal quotation marks omitted)).

We conclude that Balde's scheme was complex enough to support the sophisticated means enhancement. Balde and Fofanah not only obtained hundreds of stolen or fraudulent gift and credit card numbers, but also used many of them by transferring the numbers to stolen cards by use of access device making equipment. The card numbers were obtained by email from an individual in Indiana, who received them from overseas. Balde and Fofanah disguised their fraudulent purchases by encoding cards with the stolen credit card numbers, making their purchases appear as legitimate, credible transactions. The merchandise purchased with the re-encoded cards was first kept in a storage unit and then sent to New York for sale. These

actions both facilitated the scheme and concealed it, making it more complex than a typical credit card fraud scheme.

Given that the evidence clearly supported the "sophisticated means" prong of USSG § 2B1.1(b)(10)(C), the Guideline was appropriately applied. As only one prong is necessary for the enhancement, we decline to address the district court's findings regarding the remaining two prongs.

VI.

Balde also avers that his sentence was improperly enhanced under USSG § 2B1.1(b)(11), which provides for a two-level increase when the offense involved the possession of device-making equipment or the production of counterfeit access devices. Balde contends that this enhancement constituted improper double counting because his crimes, through their very nature, involved possessing device-making equipment. Balde also asserts that the device-making equipment belonged to Fofanah.

"Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper

12

where not expressly prohibited by the guidelines." United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010).

Application Note 10 to USSG § 2B1.1, which addresses subsection (b)(11), contains no language prohibiting double counting. Moreover, because Balde's conviction counts were grouped under USSG § 3D1.2(d), the Guidelines provide that "the offense guideline applicable to the aggregate behavior is used"; thus, the court "[d]etermine[s] whether . . . specific offense characteristics or adjustments . . . apply based on the combined offense behavior taken as a whole." USSG § 3D1.3 cmt. n.3.

Here, Balde both possessed device-making equipment and produced unauthorized access devices and, thus, clearly qualified for the enhancement.[*] Given the lack of any prohibition in the Guidelines, we conclude that double counting in this situation was not error.

## VII.

Balde also contends that the district court should not have imposed a two-level enhancement under USSG § 2B1.1(b)(2)(A)(1), for a crime involving ten victims. Specifically, Balde avers that the PSR only lists eight victims that suffered actual loss.

---

[*] Even if Fofanah possessed the equipment, such possession was foreseeable, and thus attributable to Balde.

13

However, the PSR clearly lists ten victims. As Balde did not object to this number in the district court, and the record provides no reason to question the accuracy of the PSR, we conclude that the district court did not err in applying the enhancement.

## VIII.

Finally, Balde objects to the overall reasonableness of his sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes failing to consider the 18 U.S.C. § 3553(a) (2012) factors and failing to adequately explain the selected sentence. Gall, 552 U.S. at 51. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.2d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-

14

calculated Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Balde does not provide specifics as to why his sentence is unreasonable. In imposing Balde's sentence, the district court did not provide a long explanation of the chosen sentence, but nonetheless it was clear that the court listened to and considered Balde's request for leniency. The court rejected Balde's continuing protestations of innocence and imposed a presumptively reasonable sentence at the low end of the Guidelines range. We conclude that Balde's sentence was procedurally and substantively reasonable.


IX.

In accordance with Anders, we have thoroughly reviewed the record and find no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

15

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED